UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL R. RAY, | Civil Action No.: 4:08-cv-1067-TLW-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, and UNITED STATES OF AMERICA, | |
| Defendant. | |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action pursuant to 26 U.S.C. §§ 6330(a)(3)(B) and 6330(b), 26 U.S.C. § 7433[1], and 26 U.S.C. § 6320(b), alleging violations concerning his 2003 tax returns. On February 20, 2009, Defendants filed a Motion to Dismiss (Document # 31). An Order (Document # 32) was entered pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975) (Roseboro Order) directing Plaintiff to respond to the Motion by March 30, 2009. Plaintiff filed a Motion for Extension of Time (Document # 34) requesting that his time to respond to the Motion be extended to June 5, 2009, due to his transfer from federal custody in South Carolina to state custody in New Jersey. The Court granted the extension. On June 5, 2009, Plaintiff filed another Motion for Extension of Time (Document # 44), requesting an additional sixty days to respond. Plaintiff stated in his Motion that he may be able to resolve the case within the requested sixty days. In response, Defendants asserted that it was unlikely the case would resolve. The Court denied

---

[1] Plaintiff refers to § 7443(a), which is not applicable here. Instead, Plaintiff's claims fall under § 7433.

Plaintiff's Motion and required that he file his Response by July 14, 2009. Plaintiff filed his Response (Document # 50) on that date.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because Defendants' Motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

In mid-2004, Plaintiff filed a 2003 1040 return showing an adjusted gross income of $268,533.72, with tax liabilities totaling $94,782.92. Complaint, ¶ 5; Ex. Z.[2] However, Plaintiff erroneously and grossly overstated his income. Complaint, ¶ 5. Thus, Plaintiff later filed an Offer in Compromise with the Internal Revenue Service (IRS), claiming an inability to pay along with doubt as to the "collectibility of the 2003 period." Complaint, ¶ 5; see also Defendants' Ex. 1. The IRS rejected the offer. Complaint, ¶ 5. On August 18, 2006, the IRS filed a Notice of Federal Tax Lien. Id., ¶ 6; Ex. F; Defendants' Ex. 1. The Notice informed Plaintiff of his right to request a hearing to appeal the collection action and to discuss payment method options. Ex. F to Complaint. Plaintiff requested a Collection Due Process (CDP) hearing by completing and sending to the IRS Form 12153, Request for a Collection Due Process Hearing, on September 6, 2006. Complaint, ¶ 6. A CDP hearing has not taken place. Id.

---

[2]Unless otherwise noted, the exhibits referenced are attached to Plaintiff's Complaint.

On October 2, 2006, Plaintiff filed an Amended 2003 1040x tax return reflecting a 2003 tax liability of $3.08. Id., ¶ 7; Ex. G. Plaintiff received no amended return confirmation.[3] Complaint, ¶ 7.

In January of 2007, Plaintiff filed his 2006 tax return. Complaint, ¶ 7. His refund amount was $30.00, which was applied to the 2003 tax liability. Id., Ex. J. On April 2, 2007, the IRS notified Plaintiff that he had been awarded an additional refund amount of $352.00, which was applied to his 2003 tax liability. Complaint, ¶ 8; Ex. N.

Plaintiff has written numerous letters to the IRS and the Office of the Taxpayer Advocate (OTA), requesting information regarding the status of his 2003 tax liability and his amended 2003 tax return. See Complaint, ¶¶ 7-15; Exs. I, K, L, O, P, R, U, W, and X. Plaintiff also wrote the United States Tax Court requesting guidance on how to proceed. Complaint, ¶ 10; Ex. T. The Director of Legal Services for the Tax Court responded by stating, "[t]he Court's jurisdiction to review certain collection activity by the Internal Revenue Service depends, in part, upon the issuance of a valid notice of determination by an Internal Revenue Service Appeals Officer under I.R.C. section 6320 or 6330." Ex. T.

The IRS or the (OTA) also wrote Plaintiff numerous times indicating additional time was needed to address his concerns. Complaint, ¶¶ 7-19; Exs. I, K, P, Q, S, V, W, Y, and A-1.

On February 12, 2008, the IRS sent Plaintiff a letter indicating that it could not process his claim because Plaintiff had not provided the additional information previously requested by the IRS. Ex. C. The IRS asked that Plaintiff provide the requested information within 30 days. The letter

---

[3]Plaintiff also filed amended returns for tax years 2000, 2001, and 2003 and received notices indicating that his returns for those years had been adjusted/amended as requested. Complaint, ¶ 7.

also advised Plaintiff that he must first pay the tax owed before he could use his appeal rights. Id. Plaintiff provided the requested information on February 20, 2008. Plaintiff filed this action on March 28, 2008. As of the filing of the Complaint, Plaintiff's amended 2003 tax return had not been processed. Complaint, ¶ 20.

Plaintiff alleges that Defendants violated 26 U.S.C. §§ 6330(a)(3)(B) and 6330(b) by failing to afford him his properly requested CDP hearing. Id., ¶¶ 22-23. He further alleges that Defendants violated 26 U.S.C. § 7433, as "various employees intentionally, or by reason of their negligent conduct disregarded 26 U.S.C. § 6330, et seq.," in denying him a proper CDP hearing. Id., ¶ 24. Plaintiff requests that the proper figures from his amended 2003 tax return be posted to his account, that his 2003 tax liability be reduced, and that he be refunded the excess amounts applied to the 2003 tax liability. Id., ¶ 26.

### III. STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Courts may consider the complaint itself and any documents that are attached to it. Secretary of State for Defense v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir.2007). This circuit has also held that courts may

consider a document that the defendant attaches to its motion to dismiss if the document "'was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.'" American Chiropractic Association v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir.2004).

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal pursuant to Rule 12. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. DISCUSSION

### A. 2003 Tax Liability

As an initial matter, Plaintiff appears to expect this Court to disregard the 2003 tax liability of $94,782.92 established by his original 2003 tax return and assume that his tax liability for 2003 is $3.08 as set forth in the amended 2003 tax return, plus interest. However, it is well settled that there is no statutory provision requiring the IRS to accept an amended tax return that is filed after the deadline for the original return. See Hillsboro Nat. Bank v. C.I.R., 460 U.S. 370, 380 n.10

(1983) (citing Koch v. Alexander, 561 F.2d 1115, 1117 (4th Cir. 1977)). In Koch, the Fourth Circuit stated

> [t]here is simply no statutory provision authorizing the filing of amended tax returns, and while the IRS has, as a matter of internal administration, recognized and accepted such returns for limited purposes, their treatment has not been elevated beyond a matter of internal agency discretion. . . . As the Third Circuit has recognized, "(I)t would be utterly disruptive of the administration of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return."

Koch, 561 F.2d at 1117 (quoting Miskovsky v. United States, 414 F.2d 954, 956 (3rd Cir. 1969) and citing Kearney v. A'Hearn, 210 F.Supp. 10 (S.D.N.Y.1961), aff'd per curiam on the opinion of the district court in 309 F.2d 487 (2d Cir. 1962); Klinghamer v. Brodrick, 242 F.2d 563 (10th Cir. 1957)) (internal footnote omitted). It is apparent from the Complaint that the IRS has not accepted Plaintiff's amended 2003 tax return.

To the extent Plaintiff seeks a declaration from this Court that his 2003 tax liability is $3.08 plus interest, the Court lacks jurisdiction to do so. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), excepts from its provision allowing for declaratory judgments cases addressing federal taxes. Under the Declaratory Judgment Act, suits for declaratory relief in federal tax cases, aside from limited exceptions not applicable here, are prohibited. See, e.g., Melton v. Kurtz, 575 F.2d 547, 548 (5th Cir. 1978); (rejecting taxpayer's request for a declaration that certain federal tax statutes are unconstitutional and an injunction to prevent the Commissioner from assessing and collecting taxes from him); Horne v. United States, 519 F.2d 51, 52 (5th Cir.1975) (finding that a taxpayer's request that an assessment of tax deficiency be declared void was impermissible under the Declaratory Judgment Act and stating that it is "well settled that a declaratory judgment cannot be

issued in a tax case"); Hunsucker v. Phinney, 497 F.2d 29 (5th Cir. 1974), cert. denied, 420 U.S. 927 (1975) (district court lacks jurisdiction to enter declaratory relief in a tax case); Cooper Agency, Inc. v. McLeod, 235 F. Supp. 276 (D.S.C. 1964) (noting that "Congress imposed further restrictions on actions involving federal taxes by prohibiting declaratory judgments with respect to same"). Accordingly, this court may not provide relief in the form of a declaration that Plaintiff's 2003 tax liability is $3.08 plus interest.

**B.      26 U.S.C. §§ 6320 and 6330**

Plaintiff brings claims pursuant 26 U.S.C. §§ 6320 and 6330. Section 6330 applies to notices of tax levies while § 6320 applies to notices of tax liens.[4] These sections provide, in part, that a person receiving a notice of a tax levy or tax lien may request a hearing in writing, stating the grounds for the requested hearing and that such a hearing shall be provided by the Internal Revenue Service Office of Appeals. 26 U.S.C. § 6320(b); 26 U.S.C. § 6330(b). Plaintiff asserts that Defendants violated these sections by failing to provide him with his requested CDP hearing. Although Plaintiff does not specifically allege a due process violation, in light of his complaint that he never received a CDP hearing, the court should liberally construe his Complaint to assert a due process violation claim. Defendants argue that Plaintiff has not requested a CDP hearing. However, that is a factual issue, which is not addressed at this stage in the litigation. Thus, Plaintiff's due process claim should go forward.

Although not explicitly set forth in his Complaint, Plaintiff asserts in his Response to the Motion to Dismiss that he has been subject to unauthorized collection of taxes because the IRS

---

[4]Thus, § 6320 would apply here since Plaintiff received a Notice of Tax Lien. However, § 6320(c) provides that subsections (c), (d) (other than paragraph (2)(B) thereof), (e), and (g) of § 6330 apply to notices of tax liens.

placed a lien against him prior to providing him with a CDP hearing and collected taxes by way of an offset. Section 6330(e)(1) provides that, if a hearing is requested, the levy actions which are the subject of the requested hearing shall be suspended for the period during which such hearing and any appeal thereof is pending. However, an offset is a nonlevy collection action that the IRS may take during the suspension period provided in § 6330(e)(1). 26 C.F.R. § 301.6330-1(g)(2) Q-G3 & A-G3. Thus, the IRS has not violated § 6330(e)(1) by applying his refund amount from subsequent tax years to his 2003 tax liability.

### C. 26 U.S.C. § 7433

Plaintiff also seeks damages under 26 U.S.C. § 7433, which provides in subsection (a), "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." Only actions taken in pursuit of collecting taxes are subject to the provisions of § 7433. See Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994) ( "based upon the plain language of the statute, which is clearly supported by the statute's legislative history, a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes"). If the IRS officers and/or employees failed to provide him with a CDP hearing, Plaintiff may be entitled to damages under § 7433. However, the other collection efforts taken by the officers and/or employees of the IRS were all in accord with the provisions of the Internal Revenue Code, which explicitly authorizes the IRS to file a Notice of Federal Tax Lien and to credit Plaintiff's subsequent overpayment amounts to his tax liability. See 26 U.S.C. §§ 6321 and 6402(a). In addition, as discussed above, the officers and/or employees did

not violate the suspension provisions in § 6330(e)(1) when they applied those overpayments to Plaintiff's tax liability following his request for a CDP hearing. Therefore, Plaintiff's claim under § 7433 should go forward only as to his claim regarding the CDP hearing.

### D. Request for Refund

Plaintiff seeks a refund of his overpayments that were credited to his 2003 tax liability. This Court has jurisdiction over suits for the refund of taxes under 28 U.S.C. § 1346(a)(1). However, the taxpayer must first comply with the requirements of 26 U.S.C. § 7422 before filing suit in this Court. Section 7422(a) provides that

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Amended returns showing a smaller liability than initially reported are generally treated as claims for refunds. See 26 C.F.R. s 301.6402-3. Thus, Plaintiff's amended 2003 tax return could be considered a claim for refund. However, a taxpayer must pay the full amount of the challenged deficiency before this Court may hear an action for a refund. See Flora v. United States, 357 U.S. 63 (1958), on rehearing, 362 U.S. 145 (1960); Snyder v. United States, 539 F.2d 706 (4th Cir.1976); Jacobs v. U.S. Treasury IRS, C/A No. 4:08-3013, 2008 WL 5114407, at * 3 (D.S.C. Dec. 2, 2008) ("one prerequisite to suit in district court is full payment of the disputed taxes") (citing Flora). Plaintiff asserts that he has paid the full amount of his 2003 tax liability as set forth in his amended 2003 tax return. However, as discussed above, the IRS has not accepted Plaintiff's amended 2003 tax return. It is undisputed that the full amount of Plaintiff's tax liability as set forth in his original

2003 tax return has not been paid. Therefore, this Court lacks jurisdiction to hear Plaintiff's claim for a refund.

## V. CONCLUSION

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss (Document # 31) be granted in part and denied in part. It is recommended that only Plaintiff's claims surrounding the failure to receive a CDP hearing go forward.

          s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 3, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**